UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Choeurm C.,[1] | File No. 26-CV-1250 (JMB/LIB) |
|     Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary of Homeland Security*; Todd Lyons, *Acting Director of U.S. Immigration and Customs Enforcement*; Marcos Charles, *Acting Executive Associate Director for Enforcement and Removal Operations*; David Easterwood, *Field Office Director for Enforcement and Removal Operations*; John Doe, *Local Detention Authority*; U.S. Immigration and Customs Enforcement; and U.S. Department of Homeland Security; | **ORDER** |
|     Respondents. | |

---

Nicholas Ratkowski, Ratkowski Law PLLC, St. Paul, MN, for Petitioner Choeurm C.

Jesus Cruz Rodriguez and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Marcos Charles, David Easterwood, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

This matter is before the Court on Petitioner Choeurm C.'s[2] Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241.  (Doc. No. 1 [hereinafter, "Pet."].)  Respondents Pamela Bondi, Kristi Noem, Todd Lyons, Marcos Charles, David Easterwood, John Doe, U.S. Immigration and Customs Enforcement, and U.S. Department of Homeland Security (together, "Respondents") are named in the Petition.  For the reasons explained below, the Court grants the Petition in part.

### FINDINGS OF FACT[3]

1.     Choeurm C. is a native and citizen of Cambodia.  (Pet. ¶ 2.)  Cambodia is a historically recalcitrant country that has consistently refused to accept deportees from the United States.  (*Id.* ¶ 5.)  Choeurm C. does not have a Cambodian travel document, nor does he have a valid passport.  (*Id.* ¶ 15.)

2.     Choeurm C. was ordered removed from the United States on April 29, 2004.  (*Id.* ¶ 2.)  It is believed that Choeurm C. waived appeal, rendering the removal order administratively final on April 29, 2004.  (*Id.*)

3.     At some point after Choeurm C. was ordered removed, approximately July 3, 2008, he was placed on an Order of Supervision pursuant to 8 C.F.R. §§ 241.5 and

---

[2] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

[3] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

241.13 due to evidence that there was no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* ¶ 3.)

4. Choeurm C. has complied will all conditions of his Order of Supervision, including maintaining contact with ICE and complying with all check-in requirements. (*Id.* ¶ 6.) Respondents do not contest this assertion.

5. Respondents took Choeurm C. into physical custody on February 9, 2026. (*Id.* ¶ 7.)

6. On February 9, 2026, Choeurm C. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet.) He seeks immediate release, subject to the conditions of his prior Order of Supervised Release. (*Id.* at 26.) Among other arguments, Choeurm C. claims that his February 9, 2026, re-detention violates his due process rights because he has been re-detained "in the absence of changed circumstances capable of rebutting his prior showing of no significant likelihood of removal in the reasonably foreseeable future," he has not received a written decision stating the reasons for his detention, he has not received an individualized post-detention interview, and his re-detention has not been reviewed or authorized by any member of the Headquarters Post-order Detention Unit, Executive Associate Commissioner, or District Director. (*Id.* ¶ 18.)

## DISCUSSION

Choeurm C. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition requests that the Court declare that his current detention is unlawful and order Respondents to release him from custody subject to the conditions of his previous Order of Supervision. (Pet. at 26.)

3

### A.     Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Choeurm C. does not challenge the removal order but instead challenges the revocation of his supervised

4

release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Choeurm C.'s current re-detention.

>   **B.   Violations of Regulations Governing Revocation of Supervised Release**

Choeurm C. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by re-detaining him "in violation of the laws and constitution of the United States stemming from the absence of changed circumstances demonstrating a significant likelihood of removal in the reasonably foreseeable future." (Pet. ¶ 9 (citing 8 C.F.R. § 241.13(i)(2)–(3)).)  Given the limited response from Respondents concerning changed circumstances and compliance with the requisite procedures at section 241.13, the Court agrees with Choeurm C. and grants the Petition on this basis.[4]

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[5] Government agencies are required to follow their own regulations. *See United States ex rel. Accordi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  Section 241.13 applies when ICE has previously

---

[4] Choeurm C. also asserts that his re-detention violated the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. (Pet. ¶¶ 100–109.)  Because the Court finds that ICE has violated its own regulations in re-detaining Choeurm C., such that his current detention is unlawful, the Court does not reach these alternative arguments.

[5] The Court uses the term "noncitizen" instead of the term "alien."

determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention.  8 C.F.R. § 241.13(g).  The parties agree that section 241.13 applies to Choeurm C.'s case.  (*See* Pet. ¶¶ 3, 18, 61; Doc. No. 4 at 5–6.)

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. 8 C.F.R. § 241.13(i).  Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification.  *Id.* § 241.13(i)(3).  Section 241.13 also places the burden on ICE to establish that "changed circumstances" justified the revocation of release.  *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at *3 n.2 (D. Mass. June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13.  Respondents have provided no documentation identifying any "changed circumstances" or providing any explanation to support the conclusion that Choeurm C. is

6

significantly likely to be removed in the reasonably foreseeable future. Respondents' written submissions to this Court also fail to identify any "changed circumstances" to support a conclusion that there is now a significant likelihood of Petitioner's removal in the reasonably foreseeable future, as section 241.13(i)(2) requires. Furthermore, Choeurm C. has established—and Respondents do not dispute—that he has complied with the conditions of supervised release. (Pet. ¶ 6.)

Neither do Respondents' written submissions establish that ICE made any reasoned determination that Choeurm C. is significantly likely to be removed in the reasonably foreseeable future. To revoke a noncitizen's release under section 241.13, ICE must "determine[]" that "on account of changed circumstances," there "is a significant likelihood that the [noncitizen] will be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). To make such a reasoned determination, the agency must "consider[] factors probative of the [noncitizen's] future removal," such as the factors set out in section 241.13(f). *Sarail A.*, 2025 WL 2533673, at *7 (citing cases); *see also Kong v. United States*, 62 F.4th 608, 620 n.13 (1st Cir. 2023) (referring to the factors in subsection (f) as relevant to the subsection (i)(2) determination governing re-detention of a noncitizen released under section 241.13). Those factors include, but are not limited to, the history of Choeurm C.'s efforts to comply with the order of removal, the history of ICE's efforts to remove noncitizens to third countries that are an option for Choeurm C.'s removal, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of noncitizens to the countries in question. *See* 8 C.F.R. § 241.13(f). Respondents do not adequately develop an argument

7

addressing any of these factors, as they have not identified any third country where ICE purportedly expects to be able to remove Choeurm C. Indeed, nothing in the written submissions relates in particular to Choeurm C. or otherwise sheds any light on why ICE reached a determination that Choeurm C.'s removal was significantly likely in the reasonably foreseeable future. Nor do the written submissions contain any explanation of what factors ICE considered in making any such determination prior to Choeurm C.'s February arrest.

Accordingly, Choeurm C. has shown that ICE's re-detention of him on ~~December~~ February 9, 2026, violated the law because ICE did not comply with its own regulations under section 241.13(i)(2).[6] Choeurm C. must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Choeurm C.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED in part and DENIED in part as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota subject to the conditions of his prior Order of Supervision, and in any event no later than <u>4:00 p.m. CST on February 12, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 13. 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota subject to the conditions of his prior Order of Supervision in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 13, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner

---

[6] The Court is also concerned that Respondents may not have complied with their obligation to notify Petitioner "[*u*]*pon* revocation" of "the reasons for revocation." 8 C.F.R. § 241.13(i)(3) (emphasis added).

was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on February 13, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. Respondents are prohibited from arresting or re-detaining Choeurm C. related to any immigration proceedings without first complying with all regulations that, as set forth above, apply to a decision to revoke orders of supervision.

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

5. Choeurm C. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  February 11, 2026                              /s/ *Jeffrey M. Bryan*
                                                       Judge Jeffrey M. Bryan
                                                       United States District Court